IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

JUL 2 0 2010

BY D. MARK JONES, CLERK

DEPUTY CLERK

| | |
|---|---|
| RUTH SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | **ORDER**<br><br>Case No. 2:09-cv-00784-DB<br><br>District Judge Dee Benson |

Plaintiff Ruth Smith appeals the Commissioner of Social Security's decision denying her claims for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, 1381-1383f. This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). Upon consideration of the parties' briefs, the administrative record, the oral arguments of counsel, and the relevant law, the Court AFFIRMS the Commissioner's decision.

## STANDARD OF REVIEW

This Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261

(10th Cir. 2005). This Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

## DISABILITY UNDER THE ACT

An individual is under a disability if she establishes that she has a physical or mental impairment that prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d); *see Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002). The claimant's impairments must be of such severity that she is not only unable to perform past relevant work but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. *Id.*; 20 C.F.R. §§ 404.1520, 416.920.

The Act also provides that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C); *see Salazar v. Barnhart*, 468 F.3d 615, 622 (10th Cir. 2006). Implementing the Act, Social Security Regulations provide that, if the adjudicator finds that a claimant is disabled, and there is medical evidence of the claimant's drug use or alcoholism, the adjudicator must determine whether the drug use is a contributing factor material to the determination of disability. 20 C.F.R. §§ 404.1535, 416.935. A claimant's drug use or alcoholism is material if the claimant's other impairments (*i.e.*, those that would remain if she stopped abusing alcohol and drugs) would not be disabling. *See id.* The relevant inquiry is whether the adjudicator would still find the claimant disabled if she stopped using alcohol and

drugs. *See id.* If the alcohol or drug abuse is found to be material, the claimant cannot be found to be disabled under the Act.

The claimant bears the burden of proving her disability. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Accordingly, the claimant bears the burden of proving that her alcohol and drug use is not a contributing factor material to the determination of disability. *See Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007); *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001); *Pettit v Apfel*, 218 F.3d 901, 903 (8th Cir. 2000); *Brown v. Apfel*, 192 F.3d 492, 498-99 (5th Cir. 1999). Hence, the claimant bears the burden of proving that she would be disabled even if she stopped using alcohol and drugs.

## PROCEDURAL HISTORY

In April 2006, Plaintiff applied for benefits. She alleged a disability onset date of June 23, 2005. Her claims were denied initially; she then requested and received two hearings before an administrative law judge ("ALJ"). After the hearings, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act from June 23, 2005, through the date of the decision, February 26, 2009. More specifically, the ALJ determined that Plaintiff's substance abuse was a contributing factor material to the determination of disability; thus, she was not entitled to disability benefits under the Act. After the agency's Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. § 404.981.

## ANALYSIS

Substantial evidence supports the ALJ's determination that Plaintiff's substance abuse

was a contributing factor material to the determination of disability. Substantial evidence

supports the ALJ's findings that Plaintiff's substance abuse was continuing and that, excluding

the effects of her substance abuse, she would be able to perform work existing in significant

numbers in the national economy. This substantial evidence included the following. First, in

December 2008 (at the time of the second administrative hearing), a drug screening test showed

that the amount of benzodiazepine in Plaintiff's system exceeded what was to be expected from

her prescription. The lab report indicated the level of the drug in her system was "Dirty" as

opposed to "covered by Rx." Second, the psychological expert at the hearing, Dr. Tom Atkins,

Psy.D., testified that the December drug test indicated that the amount of benzodiazepine in

Plaintiff's system exceeded what was to be expected from her prescription.

Third, the medical evidence indicated that Plaintiff had filled duplicate prescriptions for

benzodiazepine as recently as 2007 (within her period of disability). Fourth, the medical record

contained other notes from Plaintiff's providers in which they revealed their concern with her

requests to fill her prescriptions prematurely. Fifth, Plaintiff testified to her long history of

abusing prescribed medications, as well as other drugs such as heroin. Finally, Dr. Atkins

testified to Plaintiff's mental limitations in the absence of drug abuse, which formed the basis for

the ALJ's determination that Plaintiff could perform work if she stopped abusing drugs.

The principal contrary evidence that Plaintiff had stopped abusing drugs was her assertion

that she had stopped. The ALJ, however, gave several specific reasons for declining to credit

-4-

Plaintiff's testimony, including the fact that she gave inconsistent statements about her drug use. *See, e.g., Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988) (reviewing court should "generally treat credibility determinations made by an ALJ as binding upon review" where the ALJ has given specific, legitimate reasons for disbelieving the claimant's testimony).

## CONCLUSION

Having determined that the Commissioner's decision is supported by substantial evidence and free of harmful legal error, the Court AFFIRMS that decision. It is so ordered.

Dated this 19th day of July, 2010

_____

Dee Benson

United States District Court Judge